**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

FLORENTINE FASHIONS, LTD           :

       Plaintiff,          :

                            :   Civil Action No.: 07 CV 3315 (RMB)

          v.              :

VICTORIA'S SECRET DIRECT     :
NEW YORK, LLC,              :

       Defendant.       :

------------------------------------------------------------ x

## ANSWER AND AFFIRMATIVE DEFENSES

     Defendant, VICTORIA'S SECRET DIRECT, LLC (incorrectly named as "Victoria's Secret Direct *New York*, LLC," hereinafter "defendant" or "Victoria's Secret Direct"), by its attorneys, for its answer and affirmative defenses to the complaint of plaintiff, FLORENTINE FASHIONS, LTD ("plaintiff" or "Florentine"), alleges as follows:

     1.    Defendant admits that plaintiff has commenced this civil action for alleged misappropriation, unfair competition, and other related tortious acts, except that defendant denies that plaintiff has any protectable rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and denies any liability to plaintiff for all of its claims.

     2.    Defendant denies the averments contained in paragraph 2 of the complaint.

     3.    Defendant admits the averments contained in paragraph 3 of the complaint to the extent that Victoria's Secret Direct, LLC, and not Victoria's Secret Direct New York, LLC, transacts business within this district, except denies that any "misconduct" occurred in this judicial district.

4.      Defendant denies the averments contained in paragraph 4 of the complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the complaint.

6.      Defendant admits the averments contained in paragraph 6 of the complaint to the extent that Victoria's Secret Direct, LLC, and not Victoria's Secret Direct New York, LLC, is a Delaware Limited Liability Company with its principal place of business at 3425 Morse Crossing, Columbus, Ohio 43219 and that Victoria's Secret Direct, LLC may be served through CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the complaint, except admits that representatives of plaintiff and representatives of defendant were in contact regarding a dress during the years 2006 and 2007.

8.      Defendant admits the averments contained in paragraph 8 of the complaint, except denies that defendant asked plaintiff to design a dress "for manufacture and sale to Victoria's Secret" since defendant only requested that plaintiff create sample garments for defendant's review and consideration.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the complaint, except admits that a representative of defendant requested a "fabric header" from plaintiff and that plaintiff sent defendant two additional sample dresses.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the complaint, except admits that representatives of plaintiff and representatives of defendant were in contact regarding a dress.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the complaint, except admits that representatives of plaintiff and representatives of defendant were in contact regarding a dress.

12.    Defendant admits the averments contained in paragraph 12 of the complaint.

13.    Defendant admits the averments contained in paragraph 13 of the complaint, except that defendant is without knowledge or information sufficient to form a belief as to the truth of the contents of the document attached as Exhibit B.

14.    Defendant admits the averments contained in paragraph 14 of the complaint.

15.    Defendant admits the averments contained in paragraph 15 of the complaint.

16.    Defendant admits the averments contained in paragraph 16 of the complaint.

17.    Defendant admits the averments contained in paragraph 17 of the complaint.

18.    Defendant admits the averments contained in paragraph 18 of the complaint.

19.    Defendant admits the averments contained in paragraph 19 of the complaint to the extent that the statements quoted in paragraph 19 reflect the partial text of an email message sent by a representative of defendant to plaintiff, the full text of which speaks for itself.

20.    Defendant denies the averments contained in paragraph 20 of the complaint, except admits that Exhibit C to the complaint appears to be a copy of a catalog page from the Victoria's Secret Catalogue and of the Victoria's Secret website at www.victoriassecret.com.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the complaint, except admits that representatives of plaintiff contacted defendant to request the return of its sample dresses.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the complaint, except admits that representatives of plaintiff contacted defendant to request the return of its sample dresses.

23.    In response to the averments contained in paragraph 23 of the complaint, defendant admits that representatives of plaintiff contacted defendant to request the return of its sample dresses and that some, not all, of plaintiff's sample dresses were returned to plaintiff.

24.    Defendant denies the averments contained in paragraph 24 of the complaint.

25.      Defendant denies the averments contained in paragraph 25 of the complaint.

26.      Defendant denies the averments contained in paragraph 26 of the complaint.

27.      Defendant denies the averments contained in paragraph 27 of the complaint.

28.      Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 24 of the complaint as if more fully set forth hereinagain.

29.      Defendant denies the averments contained in paragraph 29 of the complaint.

30.      Defendant denies the averments contained in paragraph 30 of the complaint.

31.      Defendant denies the averments contained in paragraph 31 of the complaint.

32.      Defendant denies the averments contained in paragraph 32 of the complaint.

33.      Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 24 of the complaint as if more fully set forth hereinagain.

34.      Defendant denies the averments contained in paragraph 34 of the complaint.

35.     Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 24 of the complaint as if more fully set forth hereinagain.

36.     Defendant denies the averments contained in paragraph 36 of the complaint.

37.     Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 24 of the complaint as if more fully set forth hereinagain.

38.     Defendant denies the averments contained in paragraph 36 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

39.     The Court lacks subject matter jurisdiction over the allegations of plaintiff.

## SECOND AFFIRMATIVE DEFENSE

40.     Defendant is in the business of creating various items of apparel for sale through the Victoria's Secret catalog and through the Victoria's Secret website (www.victoriassecret.com).   As a result, defendant is constantly in contact with numerous vendors, such as plaintiff.

41.     Defendant directed plaintiff to create dress samples based on a design of its own suggestion, therefore plaintiff had no input or authorship in the design of the dress.

42.     After considering the samples submitted by plaintiff as well as those of other vendors, defendant ultimately decided to utilize a different vendor to

manufacture the dress identified in the complaint, which had originated with a design of defendant's choosing.

43.    Plaintiff owns no copyright in the design of the dress at issue.

44.    Plaintiff possesses no protectable rights in the dress at issue under the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    Defendant did and could not misappropriate or convert any proprietary right of plaintiff, nor did defendant unfairly compete with plaintiff or palm off at plaintiff's expense.

46.    Defendant has not unjustly benefited at plaintiff's expense.

47.    Consequently, the complaint fails to state any claims upon which relief can be granted against defendant or Victoria's Secret Direct, LLC.

### THIRD AFFIRMATIVE DEFENSE

48.    If there be any violation of any right of plaintiff, which defendant denies, it was unintentional and not deliberate or willful, and any alleged damage to plaintiff was de minimis.

**WHEREFORE**, defendant prays

A.    That the complaint be dismissed in its entirety;

B.    That judgment be awarded in favor of defendant and against plaintiff on each and every claim in the complaint;

C.    That defendant be awarded its reasonable attorneys' fees and costs in connection with the defense of this civil action; and

D.    That defendant has and recovers such other relief and/or further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 25, 2007

                                    **COLUCCI & UMANS**

                              By: *Frank J Colucci*
                                    Frank J. Colucci (FC-8441)
                                    David M. Dahan (DD-5864)
                                    218 East 50th Street
                                    New York, New York 10022
                                    Telephone: (212) 935-5700
                                    Facsimile: (212) 935-5728
                                    Email:  email@colucci-umans.com

                                    Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

It is hereby certified that a copy of "Defendant's Answer and Affirmative Defenses" has been forwarded via email and Federal Express to plaintiff's attorneys, Kenneth N. Wolf and Edward M. Joffe, SANDLER, TRAVIS & ROSENBERG, P.A., 551 Fifth Ave., Suite 1100, New York, NY 10176 and 5200 Blue Lagoon Drive, Suite 600, Miami, Florida 33126 on this 25th day of May 2007.